IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Tyrone Butler, | ) | C/A No. 5:18-cv-02753-SAL |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **OPINION & ORDER** |
| Warden Laura Caldwell, | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) (the "Report").

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Tyrone Butler ("Plaintiff"), as a pro se state prisoner, brought this civil rights action under 42 U.S.C. § 1983, alleging violations of his constitutional rights, as well as a state law cause of action for "gross negligence." All of the claims relate to the Defendant's confiscation of Plaintiff's mattress from May 9, 2019 to June 8, 2018.[1] Defendant filed a motion for summary judgment on July 12, 2019, Plaintiff filed his response on August 12, 2019, and Defendant filed a reply. [ECF Nos. 56, 67, 74.] On November 21, 2019, the Magistrate Judge issued the Report, recommending that this court grant Defendant's motion for summary judgment in its entirety.

Attached to the Report was the notice of right to file objections. Plaintiff requested and was granted an extension of time to file objections to the Report. [ECF Nos. 79, 80.] Plaintiff filed

---

[1] Plaintiff specifically states that the Report's recitation of the "procedural background and factual background" is "true and correct" and, therefore, the court will not restate the undisputed facts here. [ECF No. 84 at p.1.]

1

objections on January 14, 2020. [ECF No. 84.] Defendant submitted a reply, ECF No. 85, and the matter is now ripe for consideration by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

**DISCUSSION**

Plaintiff sets forth four objections to the Report, each of which will be discussed in turn.

First, Plaintiff objects to the Report's finding that the Defendant is immune from suit in her official capacity pursuant to the Eleventh Amendment. [ECF No. 84 at p.1.] Plaintiff argues that Defendant is not entitled to immunity because she authorized the taking of Plaintiff's mattress when she knew that Plaintiff had a preexisting medical condition "that certainly required plaintiff to have a mattress at all times to prevent further damage to his back." *Id.* at p.2. Plaintiff further contends that the confiscation of the mattress caused "pain and further damage (injury) to [his] back." *Id.* Plaintiff's first objection is a mere recitation of his arguments. The objection does not direct the court to any specific error in the Report's analysis of the Eleventh Amendment issue. As noted in the Report, the record establishes that Defendant was acting as a public official and an arm of the state. In response to summary judgment, Plaintiff did not put forth any arguments to the contrary. He, again, has not put forth any arguments to the contrary. Accordingly, the first objection is non-specific. The court reviewed for clear error and, having found none, will not set forth any additional explanation for adopting the Report's conclusion on the Eleventh Amendment immunity issue. *See Field*, 663 F. Supp. 2d at 451–52.

Plaintiff's second objection relates to the Report's analysis of the "subjective component" element of the conditions-of-confinement claim analysis. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (outlining two-element test for stating a viable conditions-of-confinement claim). Plaintiff objects to the Report's reliance on Doctor Charles Way's statement to Defendant that in his medical opinion, not having a mattress would not permanently impact Plaintiff's scoliosis. Plaintiff states that such a statement is "contrary to the statements being provided by the Spinal Institute." [ECF No. 84 at p.2.] Coupled with this objection is Plaintiff's contention that there "is

no need to be concerned with the objective and subjective component of the official here involved." *Id.* at p.3. Essentially, Plaintiff is asking the court to disregard the two-element test and find that the denial of a mattress for a period of one month is in direct contravention of unspecified statements by the Spinal Institute and, therefore, "cruel and unusual" punishment as a matter of law. Plaintiff's objection necessarily fails.

The law is clear that for a prisoner to state a viable conditions-of-confinement claim, the inmate must show that: "(1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of 'deliberate indifference.'" *Farmer*, 511 U.S. at 832. Plaintiff fails to set forth any precedent for declining to apply this two-element test to the facts before this court. Moreover, unspecified statements of the Spinal Institute do not serve to create a genuine dispute of material fact as to the subjective component. The subjective component goes to the state of mind of the *prison official*—Defendant. There is no evidence in the record to show that Defendant was on notice of the unspecified statements of the Spinal Institute, such that Defendant knew of and disregarded an objectively serious condition, medical need, or risk of harm. *Id.* at 837. Thus, Plaintiff's second objection fails.

Third, Plaintiff objects to the Report's finding on the due process claim. Much like the first objection, Plaintiff's third objection lacks specificity. Plaintiff restates the Report's recommendation on the due process claim and then states: "There is no question that defendant ordered plaintiff's mattress taking, defendant was aware of Plaintiff's pre-existing medical condition, with the knowledge defendant did deliberately cause plaintiff undue pain and suffering, resulting from not having a mattress for over a month." [ECF No. 14 at p.3.] Because the objection is a mere "reassertion of arguments," it is non-specific and subject to only clear error review. *Sims*,

2019 WL 1365298 at *2. Finding no clear error on the face of the Report, the court declines Plaintiff's third objection.

Fourth, and finally, Plaintiff objects to the Report's recommendation on qualified immunity. Plaintiff argues that "there can be no immunity where defendant intentionally cause[d] further injury to the back of plaintiff." [ECF No. 14 at p.3.] In making this objection, Plaintiff admits that Defendant was "indeed authorized by SCDC Policy to confiscate plaintiff's mattress," but argues the policy cannot "supersede medical" and "due process protections." *Id.* at pp.3–4.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity claims require a two-step analysis. The court must decide (1) "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right;" and (2) "if the plaintiff has satisfied the first step, the court must decide whether the right at issue is 'clearly established' at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). In this case, the undisputed facts in the record, even construed in the light most favorable to the Plaintiff, do not "make out a violation of a constitutional right." *Id.* Plaintiff admits he set the mattress on fire and that the mattress was confiscated because he set it on fire. Plaintiff further admits that the confiscation was in line with SCDC policy. As outlined in the discussion of Plaintiff's second objection, there is no evidence in the record of a deliberate or sinister decision to harm the Plaintiff. Because Plaintiff has not set forth a violation of his constitutional rights, the court need not reach step two of the analysis. Plaintiff's objection fails.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court adopts the Report in its entirety and incorporates the same herein by reference. Therefore, it is the judgment of this court that Defendant's motion for summary judgment [ECF No. 56] is **GRANTED** in its entirety.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon  
United States District Judge

March 6, 2020  
Florence, South Carolina